UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL A. IRVING,

               Plaintiff,

v.                                                          CASE NO. 04-CV-74820-DT
                                                            HONORABLE VICTORIA A. ROBERTS
T. KELLY, LT. SPROWL,
DEPUTY WARDEN RAPELJE,
THOMAS BIRKETT, B. MEAGHER,
CASE MANAGER SIVIK, D. RENO,
and STEVE ANDERSON,

               Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

### I.  Background

Plaintiff Michael A. Irving initiated this action last December by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983.  The complaint alleges that:  (1) defendant T. Kelly planted a razor blade in Plaintiff's Bible and then charged Plaintiff with possessing dangerous contraband because Plaintiff had written grievances against staff and asserted the legal rights of other prisoners; (2) defendant Sprowl colluded with defendant Kelly to have Plaintiff placed in a prison with a higher security level; (3) defendant Rapelje was aware of Officer Kelly's and Lieutenant Sprowl's actions but failed to act, investigate, or intervene; (4) defendant Steve Anderson denied Plaintiff access to prison grievance procedures at Camp Lehman; (5) Plaintiff did not receive his personal property for over seventy-two hours after he was transferred from Camp Lehman to Standish Maximum Correctional Facility; (6) Plaintiff missed a court deadline because D. Reno and other correctional employees filed to promptly forward Plaintiff's mail to

him when he was transferred from the Standish facility to Alger Maximum Correctional Facility on March 4, 2004; (7) defendant Sivik failed to deduct points from Plaintiff's security classification score until after the Michigan Parole Board considered Plaintiff's case; and (8) defendants Thomas Birkett and B. Meagher failed to act, investigate, or propose a solution when informed of these matters.

On January 5, 2005, the Court ordered Plaintiff to show cause within thirty days why his complaint should not be dismissed for failure to exhaust administrative remedies for his claims. The Court explained that prisoners can comply with the exhaustion requirement by submitting a copy of the administrative dispositions or by specifically describing the administrative proceedings and their outcomes.

On February 7, 2005, Plaintiff notified the Court that he had asked state officials to provide him with photocopies of grievances, letters, and other items. On February 18, 2005, Plaintiff informed the Court that he had been transferred to Baraga Maximum Correctional Facility and that he was being denied photocopies of the documents he needed.

On March 7, 2005, the Court granted Plaintiff an extension of time to comply with the Court's order to show cause. The Court then ordered Plaintiff to file a plain and simple statement explaining the administrative proceedings he had pursued as to each defendant and the outcome of those proceedings. The Court warned Plaintiff that failure to do so within thirty days could result in dismissal of this action. Finally, on April 6, 2005, Plaintiff submitted copies of some of the grievances that he has filed through the State's correctional grievance system.

**II.  Discussion**

2

Prisoners must exhaust administrative remedies before filing civil rights complaints challenging the conditions of confinement.  42 U.S.C. § 1997e(a).  The exhaustion requirement is mandatory, and it applies to all inmate suits about prison life, whether under § 1983 or some other federal law, even when the prisoner seeks relief that is not available in grievance proceedings.  *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).  To comply with the exhaustion requirement, a prisoner is required to file a grievance against the person he ultimately seeks to sue.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

The Michigan Department of Corrections maintains an approved grievance system whereby prisoners may seek redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement.  *See* Mich. Dept. of Corrs. Policy Directive 03.02.130 (Dec. 19, 2003).  Prisoners must

> first file a grievance with the internal grievance coordinator at the prison in which he is incarcerated.  If the grievance is denied at this level, the prisoner can appeal it to the prison's warden.  If denied a second time, the prisoner can exercise a final appeal to the office of the Michigan Department of Corrections' director. *See* MDOC Policy Directive 03.02.130.  Once the prisoner has undertaken all three of these steps, his grievance is considered fully exhausted.

*Jones Bey v. Johnson*, __ F.3d __, __ No. 03-2331, slip op. at 2 n.2 (6th Cir. Apr. 27, 2005). Civil rights plaintiffs must attach a copy of the applicable administrative responses to their complaints or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) (citing *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)).

Plaintiff alleges in his form complaint that he filed a grievance at all three levels of the administrative remedy procedure.  However, Plaintiff's most response to the Court's order to

show cause indicates that, at best, he filed grievances against T. Kelly, Lt. Sprowl, and Steven

Anderson.  His exhibits fail to demonstrate that he pursued grievances against the remaining five

defendants at all three levels of administrative review.

Prisoners are required to exhaust administrative remedies for all their claims before filing

a civil rights complaint in federal court.  *See Jones Bey v. Johnson*, No. 03-2331, slip op. at 4-7.

"When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in

federal court, or only partially exhausts administrative remedies, dismissal of the complaint is

appropriate."  *Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002), *cert.*

*denied*, 538 U.S. 1004 (2003).  Plaintiff has failed to comply with the total exhaustion rule.

Therefore, his entire complaint is **DISMISSED** without prejudice.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 28, 2005

| |
|---|
| The undersigned certifies that a copy of this document was served on the plaintiff by electronic means or U.S. Mail on April 28, 2005. |
| s/Carol A. Pinegar |
| Deputy Clerk |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN